UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

JOSH DICKSON,

Plaintiff,

v.

CORRECTIONAL OFFICER BATES,

Defendant.

Case No. 1:26-cv-00126-AKB

**INITIAL REVIEW ORDER BY SCREENING JUDGE**

The Clerk of Court conditionally filed Plaintiff Josh Dickson's Complaint because of Plaintiff's status as an inmate and in forma pauperis request. A "conditional filing" means that a plaintiff must obtain authorization from the Court to proceed. Upon screening, the Court must dismiss claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Having reviewed the record, the Court concludes that the Complaint fails to state a claim upon which relief may be granted. Accordingly, the Court enters the following Order directing Plaintiff to file an amended complaint if Plaintiff intends to proceed.

## 1. Standards of Law for Screening Complaints

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing

court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state an actionable claim, a plaintiff must provide "enough factual matter (taken as true) to suggest" that the defendant committed the unlawful act, meaning that sufficient facts are pled "to raise a reasonable expectation that discovery will reveal evidence of illegal [activity]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 US. at 678 (quoting *Twombly*, 550 U.S. at 555).

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

**2. Factual Allegations**

Plaintiff is a prisoner in the custody of the Idaho Department of Correction, currently incarcerated at the Idaho State Correctional Center. Plaintiff alleges that, in March 2025, he was suffering from chest pains and was treated by prison medical staff. He was later placed on suicide watch "as a supplement to … treatment." *Compl*., Dkt. 3, at 2.

Plaintiff alleges that, while he was handcuffed and in the suicide watch cell, Defendant Correctional Officer Bates used excessive force against him by punching Plaintiff with fists and elbows and slamming his head onto the floor. Bates also dragged Plaintiff across the floor several times after stripping him naked. Plaintiff suffered a black eye, head lacerations, and a numb thumb

as a result of the incident. Bates also did not ensure that Plaintiff received medical attention after the attack. *Id*.

Though it appears that other correctional officers may have been involved, Bates "was the main aggressor" and is the only Defendant in this action. Plaintiff asserts claims under (1) the Eighth Amendment, (2) *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and (3) Idaho state law. Dkt. 3, at 1.

## 3. Discussion

The Complaint does not state a claim upon which relief may be granted. The Court will, however, grant Plaintiff twenty-eight days to amend the Complaint. Any amended complaint should take into consideration the following.

### *A. Section 1983 Claims*

Plaintiff brings his Eighth Amendment claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A defendant causes a constitutional deprivation within the meaning of § 1983 "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

The Eighth Amendment to the United States Constitution protects prisoners against cruel and unusual punishment and guarantees the right to minimally adequate conditions of confinement. "[T]he Constitution does not mandate comfortable prisons, and prisons … which house persons convicted of serious crimes[] cannot be free of discomfort." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). However, though prison conditions may be restrictive—even harsh—without violating the Eighth Amendment, prison officials are required to provide prisoners with adequate food,

clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). *Keenan v. Hall*, 83 F.3d 1083, 1090–91 (9th Cir. 1996); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

To state a claim under the Eighth Amendment, a prisoner must show that he is (or was) "incarcerated under conditions posing a substantial risk of serious harm," or that he has been deprived of "the minimal civilized measure of life's necessities" as a result of the defendants' actions. *Farmer*, 511 U.S. at 834 (internal quotation marks omitted). An Eighth Amendment claim requires the plaintiff to satisfy both (1) an objective standard, "that the deprivation was serious enough to constitute cruel and unusual punishment," and (2) a subjective standard, that the defendant acted with "deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc).

As for the objective prong of the analysis, "[n]ot every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Rather, the deprivation alleged must be objectively sufficiently harmful or, in other words, sufficiently "grave" or "serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *see Whitley*, 475 U.S. at 319 ("After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment.") (internal quotation marks and alteration omitted).

To exhibit deliberate indifference under the subjective prong of an Eighth Amendment claim, the defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "If a [prison official] should have been aware of the risk, but was not, then the [official] has

not violated the Eighth Amendment, no matter how severe the risk." *Gibson v. Cty. of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002), *overruled on other grounds by Castro*, 833 F.3d 1060. Moreover, even prison officials who *did* actually know of a substantial risk to inmate health or safety will not be liable under § 1983 "if they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844.

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

i. <u>The Complaint Does Not State a Plausible Excessive Force Claim</u>

The Eighth Amendment prohibits prison officials from using excessive force against inmates. "[T]he subjective inquiry for excessive force claims 'turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" *Bearchild v. Cobban*, 947 F.3d 1130, 1140 (9th Cir. 2020) (quoting *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). "This standard necessarily involves a more culpable mental state than that required for excessive force claims arising under the Fourth Amendment's unreasonable seizures restriction." *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002). Therefore, a prisoner asserting an excessive force claim must show "malicious and sadistic force, not merely objectively unreasonable force." *Id*. Because "corrections officials must make their decisions in haste, under pressure, and frequently without the luxury of a second chance," courts must afford prison staff "wide-ranging deference" in this analysis. *Bearchild*, 947 F.3d at 1140 (internal quotation marks omitted).

Not every "malevolent touch" by a prison guard gives rise to a constitutional violation. *Hudson*, 503 U.S. at 9. A "*de minimis*" use of physical force does not violate the Eighth

Amendment, "provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id*. at 10. Rather, in addition to showing that prison officials used force maliciously and sadistically, a prisoner asserting an excessive force claim must "objectively show that he was deprived of something sufficiently serious." *Foster v. Runnels*, 554 F.3d 807, 812 (9th Cir. 2009) (internal quotation marks omitted).

A court considers five factors in analyzing an excessive force claim: "(1) the extent of injury suffered by an inmate; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response." *Furnace v. Sullivan*, 705 F.3d 1021, 1028 (9th Cir. 2013) (internal quotation marks omitted). In considering these factors, the Court may draw inferences "as to whether the use of force could plausibly have been thought necessary" or, instead, whether the use of force "evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." *Whitley*, 475 U.S. at 321.

Plaintiff claims that Bates used excessive force against him. However, other than alleging that Plaintiff was in handcuffs during the use of force, the Complaint does not contain sufficient factual allegations such that the Court can consider the factors set forth above. Moreover, the Complaint plausibly alleges, at most, that Bates might have used objectively unreasonable force, which is insufficient under the Eighth Amendment. Without a more thorough description of the entire incident—including Plaintiff's actions leading up to the application of force—a factfinder could not reasonably infer that Bates used excessive force maliciously and sadistically for the very purpose of causing harm. Plaintiff should keep these standards in mind if he files an amended complaint.

ii. The Complaint Does Not State a Plausible Medical Treatment Claim

The Eighth Amendment includes the right to adequate medical treatment in prison. Prison officials can be held liable if their "acts or omissions [were] sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Regarding the objective standard for prisoners' medical care claims, "society does not expect that prisoners will have unqualified access to health care." *Hudson*, 503 U.S. at 9. Therefore, "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id*. The Ninth Circuit has defined a "serious medical need" in the following ways:

> failure to treat a prisoner's condition [that] could result in further significant injury or the unnecessary and wanton infliction of pain[;] ... [t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain ....

*McGuckin v. Smith*, 974 F.2d 1050, 1059–60 (9th Cir. 1992) (internal citations omitted), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc).

In the medical context, deliberate indifference can be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle*, 429 U.S. at 104–05 (footnotes omitted). Medical malpractice or negligence does not support a cause of action under the Eighth Amendment. *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (per curiam).

The Complaint's only allegation against Bates regarding medical treatment is that Bates did not ensure Plaintiff saw a medical provider after the incident. This vague statement simply does not plausibly suggest that Bates subjectively knew of a substantial risk of serious harm and

yet deliberately disregarded that risk. At most, the Complaint plausibly alleges that Bates acted negligently in failing to ensure immediate medical treatment, which is insufficient to state a colorable Eighth Amendment claim. *See Broughton*, 622 F.2d at 460.

Plaintiff may attempt to remedy these deficiencies in an amended complaint.

***B. Bivens Claim***

Plaintiff also asserts a *Bivens* claim. *Compl*. at 1. In *Bivens*, the United States Supreme Court recognized an implied cause of action for monetary damages against federal officials in their individual capacities for a violation of constitutional rights. 403 U.S. at 392–97. A *Bivens* action is the federal analog to an action brought under § 1983, and a plaintiff asserting a *Bivens* claim must show that the defendant was acting under color of federal law. *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982).

The Complaint fails to state a colorable *Bivens* claim because the only named Defendant is an Idaho state official, not a federal official. Therefore, Bates was not acting under color of federal law, and Plaintiff should omit his *Bivens* claim from any amended complaint.

***C. State Law Claims***

In addition to § 1983 claims, Plaintiff purports to assert state law claims, though he does not specifically identify any such claims. *Compl*. at 1. Because the Complaint fails to state a federal claim upon which relief may be granted, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c). If Plaintiff files an amended complaint, and if the amended complaint identifies and states a plausible state law claim, the Court will reconsider the issue of supplemental jurisdiction.

**4. Standards for Amended Complaint**

If Plaintiff chooses to amend the Complaint, Plaintiff must demonstrate how the actions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v.*

*Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehrler*, 499 U.S. 432 (1991). Plaintiff must also allege a sufficient causal connection between each defendant's actions and the claimed deprivation. *Taylor*, 880 F.2d at 1045; *Johnson*, 588 F.2d at 743. "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (internal quotation marks and alteration omitted).

Rather, for each cause of action against each defendant, Plaintiff must state the following: (1) the name of the person or entity that caused the alleged deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular constitutional or statutory provision Plaintiff alleges has been violated; (6) facts alleging the elements of the violation are met—for example, Plaintiff must allege facts satisfying the elements of an Eighth Amendment claim; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief Plaintiff is seeking from the defendant.

Further, any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the

district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Plaintiff must set forth each different factual allegation in a separate, numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be designated as the "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff does not amend within twenty-eight days, or if the amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

**5. Plaintiff's Motion to Remove Filing Fee**

Plaintiff applied for in forma pauperis status in this case, and the Court granted the application. Such status permits a prisoner plaintiff to pay the filing fee over time through withdrawals from the prisoner's trust account, rather than having to pay the entire filing fee up front at the time of filing.

Plaintiff now asks the Court to permit him to proceed without those incremental payments. Dkt. 8. In essence, Plaintiff moves for a waiver of the fee entirely. The Court cannot do so. If a prisoner files a civil complaint or appeal, the prisoner is required by statute to "pay the full amount of [the] filing fee," even if he is granted in forma pauperis status. 28 U.S.C. § 1915(b)(1). The Court does not have the authority to waive the filing fee in a prisoner case.

Plaintiff relies on two of his other cases in this Court in contending he should not have to pay the filing fee. Dkt. 7. First, Plaintiff states that his in forma pauperis application was granted in his pending habeas corpus case, *Dickson v. Valley*, No. 1:25-cv-00568-REP (D. Idaho), without

an order for withdrawal of the filing fee. Plaintiff's reliance on his habeas case is misplaced. Habeas cases, unlike ordinary civil cases, are not subject to the Prison Litigation Reform Act's ("PLRA") provision requiring an in forma pauperis prisoner to pay the filing fee even if proceeding in forma pauperis. *Naddi v. Hill*, 106 F.3d 275, 277 (9th Cir. 1997).

Second, Plaintiff cites his previous civil rights case, *Dickson v. IDOC*, No. 1:25-cv-00282-AKB (D. Idaho), in which the Court denied Plaintiff's in forma pauperis application because the complaint failed to state a claim on which relief could be granted. But the PLRA allows a Court to deny in forma pauperis status on this basis. 28 U.S.C. § 1915(e)(2)(B)(ii); *see also O'Neal v. Price*, 531 F.3d 1146, 1152 (9th Cir. 2008) (denial of in forma pauperis counts as a strike under 28 U.S.C. § 1915(g) if the complaint "is frivolous, malicious or fails to state a claim"). Thus, the fact that the Court denied in forma pauperis status in Plaintiff's previous case does not mean he is excused from paying the required filing fee in this case.

The Court has no authority to vacate its order directing incremental fee payments to be withdrawn from Plaintiff's prison trust account. The fee provisions of the PLRA are intentionally harsh, as "a congressional objective in enacting the PLRA was to make all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees." *Goins v. Decaro*, 241 F.3d 260, 261 (2d Cir. 2001) (internal quotation marks and alteration omitted). Accordingly, Plaintiff's motion will be denied.

**ORDER**

**IT IS ORDERED:**

1. Plaintiff's Motion to Remove Filing Fee (Dkt. 8) is DENIED.

2. The Complaint fails to state a claim upon which relief may be granted. Plaintiff has twenty-eight (28) days within which to file an amended complaint as described above.

3. If Plaintiff does not file a timely amended complaint, this case may be dismissed with prejudice and without further notice.

4. Because an amended complaint is required for Plaintiff to proceed, Plaintiff's request for appointment of counsel (contained in the Complaint) is DENIED without prejudice. Plaintiff may renew the request for counsel in an amended complaint.

DATED: August 20, 2026

Amanda K. Brailsford
U.S. District Court Judge